## Melissa Sherwood *versus* John Roys.

A person holding a promissory note as a trustee, may bring an action upon it in his own name; but a person holding a note as a mere depositary and agent, must bring an action upon it in the name of his principal.

Assumpsit upon a promissory note made by the defendant, payable to Lucy Sherwood or bearer, dated January 2, 1827, for 200 dollars. Plea, the general issue.

At the trial, before *Putnam* J., the defendant contended that the plaintiff was not entitled to recover as the bearer of the note.

It was proved by the defendant, that Lucy Sherwood was the sister of the plaintiff; that while unmarried she deposited the note in suit, together with two notes made by one Jordan, and another made by one Foster, payable to herself or bearer, in the hands of the plaintiff, to keep until she (Lucy) should call for it ; that about the same time she also made a deed of her real estate to the plaintiff; and that the plaintiff had stated, in conversation with a witness, that Lucy had not given her property to the plaintiff, but that the plaintiff was to restore the same to Lucy when she should call for it.

Lucy intermarried with Artemas Clothier soon after she had made the deed and the deposit of the notes, and removed with her husband to the westward, and died there in 1831. The husband took out letters of administration upon her estate in 1832. This action was commenced after the decease of Lucy.

It was contended by the plaintiff, that she was the lawful bearer and had a right to collect the money due on the note.

By consent the defendant was defaulted, and the plaintiff was to recover, if, in the opinion of the Court, the above facts did not constitute a legal defence to the action ; but if they did constitute a legal defence, then the default was to be set aside and a new trial granted, to enable the plaintiff to disprove such defence.

*Sept.* 18*th.*    *Hubbard*, for the defendant, insisted that upon the facts in the case, the plaintiff had no property in the note and was

not a trustee, but simply a depositary, and that by the death of her sister Lucy her authority was revoked. 2 Stark. Evid. 549.

*Briggs* and *D. N. Dewey*, for the plaintiff, contended that the plaintiff was a trustee to collect the note and hold the property for her sister, and to account for it when she should be called upon for that purpose ; that she had power to receive payment before suit brought and to cancel or give up the note, and such payment would have protected the defendant. *Little* v. *Obrien*, 9 Mass. R. 423 ; *Erick* v. *Johnson*, 6 Mass. R. 196 ; *Dean* v. *Hewit*, 5 Wendell, 257 ; *Mauran* v. *Lamb*, 7 Cowen, 174, cites 3 Johns. Cas. 259 ; *Brigham* v. *Marean*, 7 Pick. 40.

*Per Curiam.* A promissory note payable to bearer, is *Sept. 19th* payable to, and may be sued by, any person having the legal interest under a delivery by the payee. The production of the note in question by the plaintiff, is *primâ facie* evidence of her holding it as proprietor ; and the burden is upon the defendant, if he would impeach such title. The original holder had a right to transfer the note to the plaintiff, so as to make her the legal holder and enable her to sue in her own name ; or, if she chose, she might commit it to the plaintiff as her agent, to keep and to collect for her use. This would not be a transfer of the property ; the plaintiff would be an attorney for the holder, and not the holder herself. If she sued, she must have sued in the name of her principal, Lucy. If the latter was the character of the transaction, the plaintiff's authority was revoked by the death or marriage of Lucy. There is much reason to believe that what took place was intended, not as a delivery to the plaintiff as an attorney and agent of Lucy, but as a holder, to sue and collect, and hold the proceeds either for her own use, or in trust for Lucy, and in either case the plaintiff would have a right to maintain this action. But as the report of the judge stands, we think the facts show, that the note was delivered to the plaintiff as a depositary and agent, and did not vest the legal interest in her, and therefore that she cannot maintain an action in her own name.

Under the agreement of the parties, the verdict is to be set aside, to let in proof as to the validity of this defence.